## MARY ANN ROBERTS, APPELLANT, *v.* GEORGE W. DOTY, RESPONDENT.

*Settlement of action — right of parties to do so, against the wishes of their attorney.*

In this action, brought to recover the value of services rendered to the defendant, the latter, after the joinder of issue, paid the plaintiff in full and procured an order at a Special Term discontinuing the action and striking it from the calendar. The plaintiff's attorney, in his own interest, opposed the motion and appealed from the order.

*Held,* that as there was no evidence to show that the settlement was collusive or made with intent to defraud the attorney, the order was properly made and should be affirmed.

APPEAL from an order made at a Special Term, upon the defendant's motion, discontinuing the action and striking the case from the calendar.

*W. Farrington,* for the appellant.

*Hackett & Williams,* for the respondent.

DYKMAN, J.:

This is an action for the recovery of money for services. After issue joined the defendant settled with the plaintiff and paid her in full, and on an affidavit of that fact moved the court at Special Term for an order discontinuing the action and striking the same from the calendar. That motion was opposed by the attorney for

the plaintiff on·his own affidavit and in his own interest, but it was granted and he has appealed from the order.

It has not yet been decided, so far as we know, that the parties to an action cannot settle the same without the consent or intervention of their attorneys, and certainly no principle of justice or public policy can be violated by permitting such settlement. If the attorneys have a lien on the cause of action or counter-claim they may pursue it in a proper way, but it would be an extraordinary exertion of authority for a court to refuse permission to.parties to settle and discontinue actions and escape litigation, merely because their attorney raised objections to such settlement.

It is quite true that the courts have in some cases, both in England and in this country, permitted attorneys to proceed and try the cause for the purpose of collecting their fees where their clients made collusive settlements to cheat them. But aside from the objection that such practice is based on no principle, it has been carried quite far enough. It is sufficient here to say that there is no evidence of fraud or collusion in this settlement.

The order appealed from should be affirmed, with costs and disbursements.

PRATT, J., concurred; BARNARD, P. J., not sitting.

Order affirmed, with costs and disbursements.